UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES M. G.,[1] | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-00127-GCS[2] |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|       Defendant. | ) |

# MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On August 25, 2020, the Court reversed the Commissioner's final decision denying Plaintiff's application for disability benefits. The Court remanded the matter to the Commissioner for rehearing and reconsideration of the evidence pursuant to sentence four of 42 U.S.C. § 405(g) and directed the Clerk of the Court to enter judgment in favor of Plaintiff. (Doc. 19). The next day, the Clerk of the Court entered judgment reflecting

---

[1]     In keeping with the court's usual practice, Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. *See* FED. R. CIV. PROC. 5.2(c) and the Advisory Committee Notes thereto.

[2]     This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. § 636(c). *See* (Doc. 9).

the same. (Doc. 20). Thereafter, the Court granted a joint motion to award attorney fees and expenses on November 18, 2020. (Doc. 22).[3]

Now before the Court is Plaintiff's February 15, 2021 bill of costs seeking $429.50: $400 for the filing fee and $29.50 for PACER fees. (Doc. 23). The Commissioner objects to the bill of costs arguing that Plaintiff did not pursue his request with diligence, that the bill of costs is untimely, and that PACER fees are not permitted costs. (Doc. 25). Plaintiff responded to the objection withdrawing the $29.50 in PACER fees and arguing that the bill of costs is not untimely in that the payment process under the Equal Access to Justice Act ("EAJA") was recently completed when counsel received payment on January 20, 2021. The Court agrees with Plaintiff.

There is no dispute that the EAJA permits recovery of statutorily-specified costs as follows:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.

28 U.S.C. § 2412(a)(1). The decision to award costs under the EAJA is within the trial court's discretion. *See, e.g.*, *Neal & Co. v. United States*, 121 F.3d 683, 687 (Fed. Cir. 1997)(holding that presumption of cost award under Rule 54(d) does not apply under

---

[3] The joint motion acknowledged that Plaintiff was the prevailing party, stipulated as to the amount of attorney's fees that should be payable to Plaintiff's counsel, and indicated that costs would be sought separately. *See* (Doc. 21).

EAJA, which vests the court with the discretion to deny requests for costs).

Here, the Court, using its discretion, finds that awarding Plaintiff its $400.00 filing fee in costs is warranted and reasonable. First, the case was reversed and remanded for further hearing and reconsideration which will take a considerable amount of time (maybe years) for this matter to conclude. Second, as to the Commissioner's argument that the bill of costs is untimely, the undersigned disagrees. Neither the EAJA nor the Local Rules of this Court contain a deadline for the filing of a bill of costs. This matter was reversed and remanded to the Commissioner for reconsideration and rehearing in August 2020. The joint motion for attorney fees and costs was awarded in November 2020. Payment from that award was received by Plaintiff's counsel in January 2021, and the bill of costs was filed on February 15, 2021. Moreover, the reimbursement of filing costs and EAJA fees are separate issues in this judicial district. Thus, the Court finds under the circumstances of this case that the bill of costs was not unreasonably untimely or burdensome to the Commissioner.

Accordingly, the Court **OVERRULES** the Commissioner's objection to Plaintiff's bill of costs and **AWARDS** Plaintiff's amended bill of costs in the amount of $400.00 for the filing fee.

**IT IS SO ORDERED.**

DATED:   February 25, 2021.

Digitally signed by Judge Sison 2
Date: 2021.02.25 13:58:25 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**